IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERNECIA D. WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 1:18-cv-387-WKW-SMD |
| v. | ) |
| | ) |
| ROSE GORDON, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**[1]

On April 4, 2018, *pro se* Plaintiff filed this suit alleging, as best as the undersigned can tell, that Defendants, Judge Rose Gordon, several individual police officers, and the City of Dothan Police Department, harassed and assaulted her, committed trespass, and violated her Fourth Amendment rights to be free from excessive force and to be free from false imprisonment.[2] (Doc. 1). Along with her Complaint, Plaintiff also filed a Motion to Proceed *in forma pauperis* (Doc. 2-1) and application thereto (Doc. 2-2). The United States Magistrate Judge previously assigned to the case granted Plaintiff's Motion to Proceed *in forma pauperis*. (Doc. 6). The case was then stayed pending the screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). *See Troville v. Venz,* 303 F.3d 1256, 1260 (11th

---

[1] On April 5, 2018, the District Judge entered an Order (Doc. 5) referring the case to the Magistrate Judge for "further consideration and disposition or recommendation on all pretrial matters as may be appropriate."

[2] Notably, Plaintiff does not explicitly make these claims in her complaint. However, the undersigned has, as required, liberally construed Plaintiff's *pro se* Complaint, and has determined that Plaintiff is arguably attempting to state at least these claims.

Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii). After conducting § 1915 review, the undersigned finds that Plaintiff's Complaint should be dismissed prior to service of process.

## DISCUSSION

Plaintiff's Complaint is not a model of clarity. As best the undersigned can tell, Plaintiff asserts that, on March 5, 2015, she was harassed and/or attacked by two Dothan City police officers after being wrongfully detained for failure to use her turn signal. (Doc. 1) at 1. Plaintiff also asserts that Judge Gordon, who appears to be a state municipal court judge, issued a warrant for her and "drove pass [sic] her house persistant [sic] about finding out who I was calling my mortgage company all because I who only tried to protect my child and I went to authorities for help and spoke of things she kept as a secret[.]" *Id*. Plaintiff alleges that Defendants' actions somehow prevented her from graduating and also interfered with her mortgage. *See id.* at 3-4. For these wrongs, Plaintiff seeks $2.5 million dollars in damages. *Id*. at 4.

A review of the sufficiency of Plaintiff's Complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether the complaint complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil

Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face."). Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, in order to satisfy Rule 8(a), Plaintiff's complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are '"'merely consistent with" a defendant's liability,' however, are not facially plausible." *Id*. (quoting *Iqbal*, 556 U.S. at 678).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such

3

"'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Accordingly, Plaintiff's Complaint, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e).

Construing Plaintiff's Complaint liberally, it appears that Plaintiff is attempting to assert constitutional and state-law claims based upon events that occurred in or around March 5, 2015. Plaintiff's constitutional claims are time-barred and should be dismissed. Further, to the extent Plaintiff is attempting to assert state-law claims, those claims should be dismissed because this Court lacks an independent jurisdictional basis to hear those claims, and this Court should decline to exercise supplemental jurisdiction over those claims.

### A. Constitutional Claims

It is plausible from a reading of Plaintiff's Complaint that she is attempting to allege violations of her constitutional rights—i.e., excessive force and false imprisonment—stemming from actions taken, in or around March 5, 2015, by a state municipal court judge and at least two Dothan City police officers. *See generally* (Doc. 1). A civil suit for constitutional violations by state actors is brought pursuant to 42 U.S.C. § 1983, which is the statute that "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). "Under the terms of the statute, '[e]very person' who acts

4

under color of state law to deprive another of a constitutional right [is] answerable to that person in a suit for damages." *Id*. (internal citations omitted). Importantly, § 1983 actions must be brought within a certain amount of time; otherwise, they are considered time-barred and subject to dismissal. The statute of limitations for a 42 U.S.C. § 1983 action is the forum state's general or residual statute of limitations for personal injury. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Alabama, the governing limitations period is two years. *Jones v. Preuit & Mauldin,* 876 F.2d 1480, 1483 (11th Cir. 1989) (citing Ala. Code § 6-2-38). The statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996).

Although it is difficult to decipher the factual bases for Plaintiff's constitutional claims, if any, it is clear that Plaintiff alleges that her constitutional rights were violated, if at all, on March 5, 2015. (Doc. 1) at 1. Plaintiff's Complaint, as noted above, was filed on April 4, 2018, almost three years after the alleged violations occurred, and the undersigned does not find a basis to toll the statute of limitations. *See Sheperd v. Wilson*, 663 F. App'x 813, 817 (11th Cir. 2016) (noting that "[t]he statute of limitations for a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment begins to run at the time the claimant becomes detained pursuant to legal process") (internal citations omitted)); *Baker v. City of Hollywood*, 391 F. App'x 819, 821 (11th Cir. 2010) (finding that the plaintiff's excessive force claim accrued at the time he was allegedly beaten). Thus, even if Plaintiff could adequately plead facts that demonstrate a violation of her constitutional rights, her Complaint would still be subject to dismissal because it was filed

5

outside the applicable statute of limitations. *See Ballard v. House*, No. 1:14-CV-2487-VEH, 2015 WL 1840333, at *5-6 (N.D. Ala. April 22, 2015) (dismissing the plaintiff's claims of unlawful arrest/false imprisonment claim and excessive force as outside of the two-year statute of limitations for § 1983 claims). Therefore, the undersigned concludes that, to the extent Plaintiff is attempting to allege violations of her constitutional rights, Plaintiff fails to state a cognizable claim under § 1983.

## B. State-Law Claims

To the extent Plaintiff is alleging state-law claims of assault, battery, and/or false imprisonment, those claims would not necessarily be barred by the statute of limitations. *See* Ala. Code § 6-2-34 (setting a six-year statute of limitations for claims of assault, battery, and false imprisonment); *Whitsett v. State of Ala. Bd. of Pardons & Paroles, et al.*, CIVIL ACTION 16-00184-KD-M, 2016 WL 7366079, at *1 (S.D. Ala. Dec. 19, 2016). However, those claims should also be dismissed because this Court does not have independent jurisdiction over those claims, and this Court should decline to exercise supplemental jurisdiction over them.

Federal courts are courts of limited jurisdiction. To invoke a federal court's diversity jurisdiction, a plaintiff must claim an amount in controversy that exceeds $75,000.00 and must allege that the parties are completely diverse. 28 U.S.C. § 1332. Here, Plaintiff has alleged an amount in controversy that exceeds $75,000.00; however, it is apparent from Plaintiff's pleading that the parties in this action are not diverse. *See* (Doc. 1) (noting that Plaintiff alleges her address is in Headland, Alabama, and Defendants are police officers and a municipal court judge in Alabama). Therefore, because the parties are not diverse,

this Court does not have original jurisdiction over any of the state-law claims Plaintiff may be attempting to assert.

Having determined that this Court does not have original jurisdiction over Plaintiff's state-law claims, the undersigned must then determine if this Court should exercise supplemental jurisdiction over them. After a court has "dismissed all claims over which it has original jurisdiction," the court may decline to exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3). "The exercise of supplemental jurisdiction is discretionary and should be determined based on 'judicial economy, convenience, fairness and comity.'" *Faulkner v. Ingram*, CASE NO. 2:14-CV-1241-WKW, 2017 WL 3530153, at *1 (M.D. Ala. Aug. 16, 2017). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ.*, 484 U.S. 343, 350 n.7 (1988). "The Eleventh Circuit also has encouraged district courts to invoke § 1367(c)(3) when the federal claims have been dismissed prior to trial." *Faulkner*, 2017 WL 3530153, at *1 (internal citations omitted).

Here, the undersigned has determined that Plaintiff's § 1983 claims are time-barred and should be dismissed. Further, the undersigned has determined that this Court does not have original jurisdiction over Plaintiff's state-law claims because the parties are not diverse. Therefore, in order for this Court to have jurisdiction over Plaintiff's state-law claims, this Court would be required to exercise its supplemental jurisdiction. However, in the interest of judicial economy, convenience, fairness, and comity, the undersigned finds that this Court should decline to exercise such supplemental jurisdiction. Plaintiff's

...

Complaint has not been served; therefore, it is clear from the procedural posture of the case that trial is not at all imminent. Further, it appears that Plaintiff's state-law claims are not barred by the statute of limitations; thus, it is not inequitable to dismiss Plaintiff's remaining state-law claims at this juncture. Accordingly, Eleventh Circuit precedent strongly advises against exercising supplemental jurisdiction in this instance.

## CONCLUSION

For all of the reasons stated above, it is the RECOMMENDATION of the undersigned Magistrate Judge that Plaintiff's Complaint (Doc. 1) be DISMISSED prior to service of process.[3]

Further, it is

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before May 9, 2019**. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written

---

[3] The undersigned is recommending dismissal of Plaintiff's Complaint without first asking Plaintiff to amend. The undersigned believes requesting such amendment would be futile because Plaintiff's Complaint asserts constitutional claims that are time barred and state-law claims over which this Court should not exercise supplemental jurisdiction. Therefore, the undersigned believes that allowing Plaintiff to amend her Complaint would be futile and should not be afforded in this instance. *See, e.g., Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.").

Furthermore, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal. Plaintiff will be permitted to file objections to the findings set forth in this Recommendation, and thus she is afforded the requisite opportunity to be heard about the deficiencies of her Complaint prior to any dismissal by this Court.

objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  Plaintiff is advised that this Recommendation is not a final order of the Court and, therefore, it is not appealable.

     Done this 25th day of April, 2019.

                              /s/ Stephen M. Doyle
                              UNITED STATES MAGISTRATE JUDGE